IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARTHUR JUNIOR STRAND, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 17-242-LPS |
| PATROLMAN JOHN P. THOMPSON, et al., | : | |
| Defendants. | : | |

Arthur Junior Strand, Millsboro, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 15, 2017
Wilmington, Delaware



STARK, U.S. District Judge

## I. INTRODUCTION

Plaintiff Arthur Junior Strand ("Plaintiff") filed this action on March 8, 2017. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. BACKGROUND

The Complaint and its amendments allege that on February 18, 2015, Defendants patrolman John P. Thompson ("Thompson") and Chabela Mata ("Mata") made false allegations of rape against Plaintiff without conducting an adequate investigation. It further alleges that on February 20, 2015, Plaintiff was stopped by Thompson and issued a traffic citation, and Plaintiff's vehicle was unlawfully seized in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff then spoke to Defendant Blades Chief of Police Cooke ("Cooke") who explained why the vehicle had been seized. Plaintiff was arrested on March 3, 2015, and charged with rape. Plaintiff filed his Complaint on Mach 8, 2017. He seeks compensatory damages.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is

1

liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306,

315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff's claims are time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v.*

3

*Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). Still, "where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

The last act Plaintiff complains of occurred on March 3, 2015, when he was arrested for rape. He did not file his Complaint until March 8, 2017. Plaintiff is not incarcerated, so this is not a prisoner case and, therefore, the exceptions to timing requirements as set forth in the "prison mailbox rule" are inapplicable. *See Kareem v. F.D.I.C*, 482 F. App'x 594, 595 (D.C. Cir. Sept. 28, 2012) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) and *Houston v. Lack*, 487 U.S. 266 (1988)). *See also* Fed. R. Civ. P. 5(d)(2) (stating paper is filed by "delivering it" to Clerk). Hence, it is evident from the face of the Complaint that Plaintiff's claims, all of which accrued prior to March 8, 2017, are barred by the two-year limitations period.

Because Plaintiff's allegations are time-barred, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate Order follows.

4